RECEIVED
CHARLOTTE, N.C.
SEP 9 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:04-CV-518–H

| | |
|---|---|
| KIMBERLY HOYLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| UNITED AUTO WORKERS, ) | |
| LOCAL UNION 5285, and ) | |
| THE INTERNATIONAL UNION ) | |
| UAW, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff KIMBERLY HOYLE and Defendant UNITED AUTO WORKERS, LOCAL 5285 hereby agree to the following Consent Protective Order:

1. This Consent Protective Order shall remain in effect for the duration of the above-captioned litigation, unless otherwise ordered by the Court or agreed by the parties. This Consent Protective Order governs the production of documents by any party.

2. The purpose of this Consent Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Consent Protective Order shall include: (1) all information and documents that refer to, reflect upon or relate to trade secrets or other confidential proprietary technical, business, or financial information that is not generally known to the public; (2) all information and documents that refer to, reflect upon or relate to

any current or former employee, officer or member of Defendant UAW Local 5285 other than Plaintiff that are designated as "confidential" by the parties in this action; (3) Plaintiff's medical or financial information not generally available to the public; and (4) any other information and documents that are designated as "confidential" by the parties in this action. The information and documents protected by this Consent Protective Order shall be referred to as "protected materials." The restrictions contained herein regarding disclosure of protected materials also apply with equal force to any excerpts, analyses, or summaries of such items or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this litigation that contain or refer to the materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the protected materials, whether pursuant to request, interrogatory, process or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4. Information and documents deemed "confidential" pursuant to this Consent Protective Order shall be designated by stamping or otherwise affixing to the information or documents the label "CONFIDENTIAL."

5. Protected materials shall not be disclosed in any manner, directly or indirectly, to any person or entity except as provided below:

(a) <u>Parties and Persons Assisting Counsel</u>

Protected materials may be disclosed to:

    (i)    plaintiff and defendant;

    (ii)    attorneys in partnership or associated with the parties' counsel;

    (iii)    clerks, paralegals, secretaries and all other agents in the employ of or associated with the parties' counsel;

    (iv)    experts and professional consultants who have been retained by any party or the parties' counsel and who have a need to know said protected materials in order to assist counsel in this litigation, including preparation for trial; and

    (v)    the parties' witnesses.

Such disclosures may be made only after those to whom disclosure is made consent that they will be bound by this Consent Protective Order. With respect to disclosure to the Plaintiff himself, his experts and professional consultants, or his witnesses at trial, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Consent Protective Order. The signed Acknowledgment forms will be mailed by Plaintiff's counsel to Defendant's counsel immediately upon execution.

(b) <u>The Court and Persons Assisting the Court</u>

Protected materials may be disclosed to:

    (i)    the Court;

    (ii)    the Clerk of the Court for the United States District Court for the Western District of North Carolina, Charlotte Division; and

    (iii)    clerks, secretaries, and all other agents in the employ of or associated with the Court or the Clerk of the Court for the United States District Court for the Western District of North Carolina, Charlotte Division.

(c) <u>Use and Filing of Protected Materials</u>

Nothing in this Consent Protective Order shall limit the right of the parties to use protected materials for purposes of this litigation, including in any pleadings, memoranda, briefs, exhibits or other documents that may be prepared in connection with this litigation.

6. In the event that any protected materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits under seal. Such transcripts, exhibits, and the information contained therein shall remain protected under this Consent Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "confidential."

7. This Consent Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this litigation.

8. The parties agree that documents produced in this litigation shall only be used for purposes of this litigation and shall not be used for any other purpose.

9. In the event that a party's present counsel ceases to act as counsel in this litigation, all protected materials, including any copies, excerpts, analyses or summaries thereof shall be returned to opposing counsel (with the exception of any such materials that contain attorney work product, which may be destroyed), unless the new counsel consents in writing to be bound by the terms of this Consent

Protective Order within seven (7) days of his or her retention. The new counsel shall not use the protected materials provided to the withdrawing counsel unless and until he or she consents in writing to be bound by the terms of this Consent Protective Order. In the event the withdrawing counsel possesses attorney work product containing or referring to protected materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 5 above or in the alternative may be destroyed.

10. Within fourteen (14) days of the final determination of this action, including all appeals, whether by judgment, settlement or otherwise, Plaintiff and Defendant's counsel shall assemble and return to each other all protected materials produced subject to this Consent Protective Order, including all copies, excerpts, analyses or summaries thereof. In the alternative, Plaintiff's and Defendant's counsel may destroy all protected materials produced subject to this Consent Protective Order, including all copies, excerpts, analyses or summaries thereof, provided counsel certifies in writing that all documents were destroyed within the time set forth herein. In the event counsel possesses attorney work product containing or referencing protected materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 5 or in the alternative may be destroyed.

11. The foregoing is without prejudice to the right of any party to apply to the Court to alter or amend the terms of this Consent Protective Order upon a showing of good cause.

12. Any violation of the terms of this Consent Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be

fixed by the Court in its discretion. Before seeking judicial relief, the party moving for sanctions shall confer or attempt to confer in good faith with the opposing party in an effort to resolve the alleged violation of the Consent Protective Order.

This Consent Protective Order is agreed to by the undersigned parties:

FOR AND WITH AUTHORITY OF PLAINTIFF
KIMBERLY HOYLE

_/s/ Geraldine Sumter_

Geraldine Sumter
N.C. Bar No: 11107
Ferguson, Stein, Chambers, Gresham & Sumter, P.A.
741 Kenilworth Avenue, Suite 300
Charlotte, North Carolina 28204
Telephone: 704-375-8461
Facsimile: 704-334-5654

Date: 9/12/05


FOR AND WITH AUTHORITY OF DEFENDANT
UAW LOCAL 5285

_/s/ Seth R. Cohen_

Seth R. Cohen
N.C. Bar No: 18134
Smith, James, Rowlett & Cohen
Post Office Box 990
Greensboro, North Carolina 27402
Telephone: (336) 274-2992
Facsimile: (336) 274-8490

Date: 7-6-05

_James D. Fagan_ /by SRC

JAMES D. FAGAN, JR.
Georgia Bar No: 253950
MEGAN E. GIDEON
Georgia Bar No: 293227
Stanford Fagan L.L.C.
1401 Peachtree Street, N.E., Suite 238
Atlanta, Georgia 30309
Telephone: (404) 897-1000
Facsimile: (404) 897-1990

Date: 9-6-05

**IT IS SO ORDERED**, this 13th day of August, 2005.

_Carl Horn, III_